UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELIGIO TORRES,<br><br>　　　　　　Plaintiff,<br>　v.<br>BRIAN WILLIAMS, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:24-cv-00332-MMD-CLB<br><br>ORDER |

Plaintiff Eligio Torres brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at Ely State Prison and High Desert State Prison. (ECF No. 1-1.) On August 6, 2024, this Court ordered Torres to either pay the full $405 filing fee or file an application to proceed *in forma pauperis* by October 5, 2024. (ECF No. 3.) On September 18, 2024, this Court ordered Torres to file written notice of his updated address by November 18, 2024. (ECF No. 4.) Both deadlines expired without payment of the filing fee, an application to proceed *in forma pauperis*, or an updated address from Torres.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the

public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Torres's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because the Court cannot operate without collecting reasonable fees, litigation cannot progress without the plaintiff's compliance with Court orders, and this action cannot realistically proceed without the ability for the Court and the defendants to send Torres case-related documents, filings, and orders, the only alternative is to enter a second order setting another deadline. But repeating an ignored order often only delays the inevitable and further squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Eligio Torres's failure to pay the filing fee or file an application to proceed *in forma pauperis* and file an updated address in compliance with this Court's August 6 and September 18, 2024, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Torres wishes to pursue his claims, he must file a complaint in a new case, either pay the filing fee or file a complete application to proceed *in forma pauperis*, and provide the Court with his current address.

DATED THIS 10th Day of December 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE